**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL J. HICKS,<br><br>    Plaintiff,<br><br>    v.<br><br>H. ROBLES, *et al*.<br><br>    Defendants. | Case No. 1:18-cv-01481-AWI-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE MOTION FOR EMERGENCY PROTECTIVE ORDER BE DENIED**<br><br>(ECF No. 4) |

    Michael J. Hicks ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on October 26, 2018, by filing a Complaint against H. Robles and John Does 1–3 ("Defendants"), correctional officers at Kern Valley State Prison. (ECF No. 1). Plaintiff alleges in the Complaint that he is being physically and sexually assaulted by prisoners who are in a gang and are aware of his conviction for sexual offenses, but Defendants have repeatedly denied his requests to be placed in the administrative segregation unit.

    On November 26, 2018, Plaintiff filed a "Request for Emergency Protective Order." (ECF No. 4). Plaintiff requests that the Court issue an order directing Defendants to show cause why they continue to house Plaintiff on "D" facility yard in violation of the Eighth Amendment. Plaintiff explains that the California Department of Corrections and Rehabilitation uses the

LexisNexis Law Library Electronic Delivery System, which can readily display unpublished court decisions that detail his criminal sexual convictions in violation of Cal. Code Regs. tit. 15, § 3124 (a)(12)-(13). Due to prisoners' access to the electronic law library, knowledge of his convictions is widespread, causing him to seek administrative segregation placement at every facility in which he has been placed.

Initially, that prisoners have access to a law library is not an emergency warranting judicial intervention. On the contrary, institutions of confinement are required to grant prisoners access to adequate law libraries or adequate legal assistance. *Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). In fact, Cal. Code Regs. tit. 15, § 3124 provides, in relevant part:

> "Each institution **shall maintain** at least one law library for the use of inmates, in print and/or by means of the Electronic Law Library Delivery System with any necessary print or other electronic supplements. Except for items that are out of print, the law library collection shall include, **but shall not be limited to**, the following current and updated legal materials or their equivalents from other publishers . . . (12) All Federal Appeals Court Cases - as reported in the Federal Reporter. . . . (13) All Federal District Court Cases - as reported in the Federal Supplement."

(Emphasis added). Thus, the motion for an emergency protective order should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an emergency protective order be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within twenty-one (21) days after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights

on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 7, 2018**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE