**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL J. HICKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. ROBLES, *et al*.<br><br>　　　　Defendants. | Case No. 1:18-cv-01481-AWI-EPG (PC)<br><br>**ORDER DENYING MOTION FOR CDCR OFFICE OF INTERNAL AFFAIRS INVESTIGATION AND POLYGRAPH EXAMINATION**<br><br>(ECF No. 20) |

Michael J. Hicks ("Plaintiff"), a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Kern Valley State Prison ("KVSP"), is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds against H. Robles, L. Martinez, A. Sotelo, and John Doe #3. (ECF Nos. 1, 7, 17). On January 22, 2019, Plaintiff filed a motion for discovery pursuant to Federal Rule of Civil Procedure 34, (ECF No. 20), which is now before the Court.

Plaintiff requests that the Court order the warden of KVSP to direct the KVSP Office of Internal Affairs to gather and preserve the following evidence: (1) 8" x 10" color photos of the inside door, wall, and floor of cell D8-119; (2) 8" x 10" color photos of the outside door of cell D8-119; (3) a polygraph examination of plaintiff in accordance with "Title 15 § 3293"; and (4) recorded excessive force interviews conducted by Defendant Sotelo on December 24, 2018 and

1

1 by Defendant Robles on January 8, 2019. *Id.* Plaintiff further states that he has repeatedly requested photographic evidence to support his claims in this action, but his requests have been denied. *Id.*

Plaintiff's motion is denied. The defendants in this matter are not required to produce any documents or evidence until the start of discovery. The Court will open discovery after defendants have been served with a summons and a copy of the operative complaint and have filed an answer in this action.

Plaintiff is advised that after the defendants file their answer, the Court will set a mandatory scheduling conference that Plaintiff and the defendants must attend. At the conference, any party may discuss relevant evidence it wishes to obtain. After the conference, the Court will issue a scheduling order opening discovery and directing the parties to exchange discovery.

Plaintiff is also advised that defendants owe a duty to preserve what they know or reasonably should know will be relevant evidence in a pending lawsuit. *Leon v. Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). If defendants fail to preserve relevant evidence, Plaintiff may move to impose sanctions for spoliation. However, Plaintiff will be required to prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind; and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence[.]" *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).

Plaintiff is further advised that KVSP, the warden of KVSP, and KVSP Office of Internal Affairs are not parties to this action. Plaintiff must serve a third-party subpoena to obtain documents or evidence from these individuals or entities. The scheduling order will contain instructions how to obtain a third-party subpoena.

\\\
\\\
\\\

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for discovery pursuant to Federal Rule of Civil Procedure 34, (ECF No. 20), is DENIED.

IT IS SO ORDERED.

Dated: **January 24, 2019**  /s/ Eric P. Grojean
UNITED STATES MAGISTRATE JUDGE