# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL J. HICKS, | Case No. 1:18-cv-01481-AWI-EPG (PC) |
| Plaintiff, | **ORDER DENYING REQUEST FOR ENTRY OF DEFAULT** |
| v. | (ECF No. 27) |
| H. ROBLES, *et al*. |  |
| Defendants. |  |

Michael J. Hicks ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds against H. Robles, L. Martinez, A. Sotelo, and John Doe #3. (ECF Nos. 1, 7, 17).

On February 14, 2019, Plaintiff filed a request for entry of default as to Defendant Robles. (ECF No. 27.) Plaintiff contends that Defendant Robles has failed to timely answer or otherwise defend this action. *Id.*

On December 27, 2018, the Court directed the United States Marshals Service to serve Defendant Robles. (ECF No. 17.) The order provided:

> 2. "Within ten days from the date of this order, the Marshals Service is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with

1

the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c): H. Robles.

3. The Marshals Service shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

*Id.* On December 28, 2018, the Marshals Service sent a request for waiver of service to Defendant Robles. (ECF No. 28.) On February 22, 2019, the Marshals Service filed a returned waiver of service from Defendant Robles. *Id.* On February 25, 2019, Defendant Robles filed an answer. (ECF No. 29.)

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 12 provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).

Here, entry of default is not appropriate as Defendant Robles timely filed an answer in this action. Because Defendant Robles timely waived service, he had sixty days, or until February 26, 2019, to file an answer. Defendant Robles filed an answer on February 25, 2019. Accordingly, Plaintiff's request for entry of default (ECF No. 27) is DENIED.

IT IS SO ORDERED.

Dated: __**February 26, 2019**__ 　　　 /s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE