UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HICKS,<br><br>    Plaintiff,<br><br>    v.<br><br>H. ROBLES, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01481-AWI-EPG<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR COURT ORDER RE: 28 U.S.C. § 1915(b)(2)<br><br>(ECF NO. 86) |

    Plaintiff is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The parties reached a settlement agreement and filed a stipulation for the dismissal of all of Plaintiff's claims on September 10, 2019. (ECF No. 84.)

    On September 30, 2019, Plaintiff filed a "Request for Court Order RE: 28 U.S.C. § 1915(b)(2)." (ECF No. 86.) Plaintiff indicates that he owes some $7,692.45 in Prison Litigation Reform Act filing fees for 22 *in forma pauperis* applications and therefore asks the Court to offer an opinion as to the way section 1915(b) of the Prisoner Litigation Reform Act ("PLRA") calls for collection of installment payments from prisoners who simultaneously owe filing fees in multiple cases. Plaintiff notes that circuit courts are divided over the issue and urges the Court to adopt the reasoning of the Second and Fourth Circuits, which interpret § 1915(b) to cap the monthly extraction of fees at twenty percent of a prisoner's monthly income, regardless of the number of cases for which he owes filing fees. *Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir.

2010); *Whitfield v. Scully*, 241 F.3d 264, 277 (2d Cir. 2001).[1]

Initially, Plaintiff's request must be denied because the complete settlement in this matter has divested the Court of the jurisdiction to decide such questions. *See, e.g., Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("[A]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed. R. Civ. P.] 60(b)." *Lake Coal Co. Inc. v. Roberts & Schaefer Co.*, 474 U.S. 120 (1985) (finding that complete settlement mooted the case, even though the parties requested the Court to decide the questions they had presented); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 556 (9th Cir. 2010) (finding Plaintiff's federal cause of action moot after settlement); Horizon *Bank & Trust Co. v. Mass.*, 391 F.3d 48, 53 (1st Cir. 2004) (noting that "[m]ootness can arise when the adversarial parties jointly settle all claims in a case") (citations omitted). Thus, Plaintiff's request will be denied because the Court lacks jurisdiction to Plaintiff the relief he seeks.

Additionally, the Court points Plaintiff to the order granting his motion to proceed *in forma pauperis* (ECF No. 7), in which the Court directed the Director of the California Department of Corrections or his designee to "collect payments from plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of Court each time the amount inf the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of Court." (*Id*. at p. 7.) This order made no exception for plaintiffs with multiple lawsuits. Plaintiff failed to challenge this order while his case was pending and may not do so now.

\\\
\\\
\

---

[1] This is in contrast to the approach taken by the Fifth, Seventh, Eighth, and Tenth Circuits, who have held that § 1915(b) requires a prisoner to make a separate installment payment for each filing fee incurred as long as no individual payment exceeds twenty percent of his monthly income. *See Bell v. Payan*, 2015 WL 1537615 at *2 (Apr. 6, 2015) (collecting cases) (citations omitted). The Ninth Circuit has not addressed the issue. *Id.* at *3.

For these reasons, Plaintiff's "Request for Court Order Re: 28 U.S.C. § 1915(b)(2)" is DENIED.

IT IS SO ORDERED.

Dated: **December 13, 2019**  /s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE