UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES HICKS, | Case No.  1:18-cv-01481-KES-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S SECOND MOTION TO WITHDRAW FROM HIS SETTLEMENT AGREEMENT BE DENIED |
| v. | |
| H. ROBLES, et al., | |
| Defendants. | (ECF Nos. 139, 146, 155) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.    INTRODUCTION

Plaintiff Michael James Hicks is a state prisoner proceeding *pro se* and *in forma pauperis* in this closed civil rights action filed under 42 U.S.C. § 1983. Before the Court is Plaintiff's second motion to withdraw from his settlement agreement, which the parties signed on October 15, 2020.  Plaintiff argues that he should be entitled to withdraw from that settlement agreement because he claims that CDCR failed to properly pay debts from his settlement award. (ECF Nos. 139, 146, 155). Defendants Sotelo, Lucas, Robles, Martinez, and Voong oppose the motion, arguing that they have complied with the terms of the settlement agreement. (ECF No. 156).

Upon review, the Court will recommend that Plaintiff's second motion to withdraw from his settlement agreement be denied.

\\\

1

1

## II.   PROCEDURAL HISTORY

2

Plaintiff filed this case on October 26, 2018.  (ECF No. 1). The parties then settled the

3

case, and the Court directed the Clerk of Court to close this matter on September 11, 2019, after

4

the parties filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure

5

41(a)(1)(A)(ii). (ECF No. 85).

6

On October 21, 2019, Plaintiff first moved to withdraw from his settlement agreement,

7

and the parties agreed to participate in a settlement conference before United States Magistrate

8

Judge Kendall J. Newman on October 2, 2020, to resolve their disputes. (ECF Nos. 87, 118, 131).

9

At the settlement conference, the parties reached an agreement to resolve this case along with

10

other Federal cases that Plaintiff had filed. (ECF No. 131).

11

The settlement agreement, dated October 15, 2020, provided that "CDCR shall pay

12

Plaintiff $11,350.00" to resolve his cases, with an acknowledgment that $4,900 had already been

13

paid towards this amount. (ECF No. 156-1, p. 4). It further contained provisions noting that part

of the settlement amount would go to satisfy Plaintiff's debts.

14

> However, Plaintiff understands that CDCR [*i.e.*, the California Department of
> Corrections and Rehabilitation] is obligated by California Penal Code

15

> section 2085.8 to collect any amounts owed by a prisoner under a restitution fine
> or order, including any administrative fees related to such amounts. Such amounts

16

> and fees will be deducted from the settlement amount and paid on Plaintiff's
> behalf as required by Penal Code section 2085.8. If the settlement amount exceeds

17

> the restitution amounts and fees, the excess balance shall be paid by check to
> Plaintiff's inmate trust account. Plaintiff further understands that CDCR is

18

> obligated to pay all outstanding liens against Plaintiff, known or unknown, if any,
> which amounts must be deducted from the settlement amount and paid on

19

> Plaintiff's behalf to the lienholder(s).

20

21

(*Id.* at 4-5).

22

After the parties stipulated to withdraw all pending motions in November 2020 following

23

their settlement, nothing was filed in this case until nearly four years later, when Plaintiff filed his

24

second motion to withdraw from the settlement agreement on September 27, 2024. (ECF Nos.

25

136, 138, 139).

26

Generally, Plaintiff's motion argues that CDCR failed to pay off all of his pending debts

27

as required by the settlement agreement, which has caused him financial harm. (ECF No. 139).

28

Plaintiff has supplemented his motion with additional argument in an amended request to

2

withdraw from the settlement agreement (ECF No. 146) and memorandum (ECF No. 155).

On December 16, 2024, Defendants filed an opposition to Plaintiff's motion and supplemental filings, arguing that CDCR has complied with the terms of the settlement agreement. (ECF No. 156).

Plaintiff filed a reply on January 6, 2025, and this matter is now ripe. (ECF No. 160).

## III.    SUMMARY OF THE PARTIES' ARGUMENTS

Plaintiff's motion and supplemental filings discuss a host of transactions on his trust account statement, which he attaches as a supporting exhibit. (*See* ECF No. 139, pp. 6-12). Generally, he asserts that CDCR has failed to pay two types of debts out of his settlement proceeds: (1) a $350 filing fee for *Hicks v. Chisman, et al.*, Case No. 3:13-cv-00505-SI in the Northern District of California[1]; and (2) certain encumbrances that, while not fully explained, relate (at least in part) to damages to state property, including a mattress. More specifically, Plaintiff claims that, following his settlement, CDCR should have paid the full filing fee and encumbrances owed. However, CDCR did not do so and is still deducting or encumbering portions of his trust account. (ECF Nos. 139, 146, 155). Generally, he claims he was harmed because he would have not spent money from his trust account in certain ways if he had known that he still had outstanding debts that had not been paid. (*See* ECF No. 155, pp. 7-8).

As to the $350 filing fee from Case No. 3:13-cv-00505-SI, Defendants respond that the filing fee was paid from the settlement amount in full and deducted from Plaintiff's account. (ECF No. 156, pp. 4-5). However, the check that was sent to the court (the Northern District of California) was not cashed in the one-year period that the check was valid. Accordingly, the funds "were automatically refunded to [Plaintiff's] trust account." (*Id.* at 4). After the funds were refunded, "CDCR began deducting 20% of Plaintiff's monthly income in order to fulfill this filing fee." (*Id.* at 5).

As for the encumbrances, which include money owed for a damaged mattress, Defendants contend that they are encumbered because "Plaintiff has refused to sign a Trust Account Withdrawal Order" that permits CDCR to deduct the encumbered amounts from his trust account.

---

[1] The parties only provided part of the case caption for this case, but the Court was able to locate it and takes judicial notice of this case. *See Ray v. Lara*, 31 F.4th 692, 697 n.4 (9th Cir. 2022) (taking judicial notice of district court records).

(*Id.*). In support of their opposition, Defendants provide the declaration of their counsel, a copy of the parties' settlement agreement, a transcript of the settlement hearing, a declaration from a CDCR employee (S. Saunders) that explains the transactions on Plaintiff's trust account as well as CDCR's relevant procedures, and a copy of Plaintiff's trust account statement that reflects all credits and deductions.

In his reply, Plaintiff asserts that CDCR should have immediately investigated the refund of the $350 filing fee from Case No. 3:13-cv-00505-SI and mailed a new check. (ECF No. 160). Further, he asserts that "the fact that [he] signed the settlement agreement gave express waiver of any unsigned trust withdraw." (*Id.* at 6).

## IV.    LEGAL STANDARDS

"The interpretation of a settlement agreement is governed by principles of state contract law. This is so even where a federal cause of action is 'settled' or 'released.'" *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (citations omitted). Once a party enters into a binding settlement agreement, that party cannot unliterally decide to back out of the agreement. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002) ("At a time where the resources of the federal judiciary, and this Circuit especially, are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation.").

Under California law, a party can rescind a contract only if the party's consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689. "One seeking rescission on account of fraud must be actually deceived by misrepresentation of a material fact and the other party must have intended to deceive by a misrepresentation of such material fact. Further, the party seeking to rescind must rely upon the fraudulent representation to his injury and damage before he can have the contract rescinded." *Contra Costa Cty. Title Co. v. Waloff*, 184 Cal. App. 2d 59, 65 (Ct. App. 1960).

"Under California law, [a] settlement agreement is a contract, and the legal principles

4

1   which apply to contracts generally apply to settlement contracts." *Ashker v. Newsom*, 968 F.3d

2   939, 944 (9th Cir. 2020) (alteration in original; citations, footnotes, and quotation marks omitted).

3   In California, "the elements of a cause of action for breach of contract are (1) the existence of the

4   contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

5   (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811,

6   821 (2011).

7   ## V.    ANALYSIS

8         With these standards in mind, Plaintiff's motion has not provided any basis for rescinding

9   the settlement agreement. He has not alleged any fraud or similar circumstances. While he alleges

10  that CDCR should have used the settlement proceeds to pay for certain encumbrances, he does

11  not allege that they fraudulently agreed to do so, without any intent to perform under the

12  agreement. Plaintiff does not identify any intent to deceive from Defendants regarding any

13  misrepresentation of material fact, nor does he explain how he was deceived at all. Plaintiff's

14  motion to withdraw from the settlement agreement should thus be denied.

15        To the extent, that Plaintiff's motion actually seeks to enforce the settlement agreement,

16  his motion likewise fails. Plaintiff does not dispute that CDCR paid the amount agreed upon in

17  the settlement agreement. (ECF No. 156-2, p. 2, declaration from CDCR employee noting

18  settlement amount was paid; ECF No. 156-2, pp. 8-9, Plaintiff's inmate trust statement reflecting

    settlement deposits).

19        Instead, Plaintiff is challenging the accounting of his trust fund since the settlement

20  agreement, including a court-ordered filing fee and encumbrances for property damage. However,

21  as discussed below, these issues are outside the scope of the settlement agreement and this

22  Court's jurisdiction, and in any event CDCR has otherwise substantiated every withdrawal.

23        Plaintiff first raises the issue of the filing fee from Case No. 3:13-cv-00505-SI. Here, the

24  settlement agreement provided as follows:

25      However, Plaintiff understands that CDCR is obligated by California Penal Code
    section 2085.8 to collect any amounts owed by a prisoner under a restitution fine

26      or order, including any administrative fees related to such amounts. Such amounts
    and fees will be deducted from the settlement amount and paid on Plaintiff's

27      behalf as required by Penal Code section 2085.8.[2]

28  [2] Section 2085.8(a) provides as follows: "Compensatory or punitive damages awarded by trial or

1    (ECF No. 156-1, p. 4).

2        Further, there was an order in a different case—Case No. 3:13-cv-00505-SI—requiring

3    CDCR to pay the filing fee in accordance with 28 U.S.C. § 1915(b); specifically, instructing in

4    relevant part as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition. Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

12   (Case No. 3:13-cv-00505-SI, ECF No. 7, p. 2).

13       Plaintiff's trust account statement reflects (ECF No. 156-2, p. 8), and Plaintiff does not

14   dispute (ECF No. 160, p. 3), that the $350 filing fee for Case No. 3:13-cv-00505-SI was deducted

15   from his account and a check was sent to the court. However, the parties agree that, for unknown

16   reasons, the court did not cash the check and the balance was automatically refunded to him, with

17   CDCR thereafter paying portions of the filing fee as required by § 1915(b). (ECF No. 156-2, pp.

18   11-15). Thus, CDCR complied with the terms of the settlement agreement and the court's orders,

19   but for reasons outside their control, the court returned payment and the funds thus had to be

20   deducted from Plaintiff's trust account.

21       Plaintiff does not dispute these facts or allege that CDCR breached its obligations under

22   the settlement agreement. Instead, Plaintiff asserts that CDCR should have "immediately

23   research[ed] the reason for the return of the of a PLRA $350.00 check and return[ed] a fresh

24   check to the Court Financial Department instead of permitting it to lie dormant until the

_____

25   settlement to any inmate, parolee, person placed on postrelease community supervision pursuant to Section
3451, or defendant on mandatory supervision imposed pursuant to subparagraph (B) of paragraph (5) of
26   subdivision (h) of Section 1170 in connection with a civil action brought against a federal, state, or local
jail, prison, or correctional facility, or any official or agent thereof, shall be paid directly, after payment of
27   reasonable attorney's fees and litigation costs approved by the court, to satisfy any outstanding restitution
orders or restitution fines against that person. The balance of the award shall be forwarded to the payee
28   after full payment of all outstanding restitution orders and restitution fines, subject to subdivision (c)."

1    Plaintiff's settlement funds were tapped." (ECF No. 160, p. 3). However, nothing in the parties'

2    settlement agreement required CDCR to investigate the unlikely and unusual circumstances here

3    where Plaintiff's check was not timely cashed and thus automatically refunded to his account.

4    Notably, CDCR is paying the filing fee from his account, in a manner provided by law and the

5    order in Case No. 3:13-cv-00505-SI. Based on these facts, the Court finds no basis for Plaintiff to

6    withdraw from the settlement agreement or obtain an order from this Court enforcing the terms of

7    the settlement agreement.

8         Plaintiff also challenges certain encumbrances of funds on his trust account statement.

9    CDCR has responded that "[a]bsent a court order or applicable law, CDCR may not withdraw any

10   money from an inmate's trust account to fulfill outstanding obligations, such as damage to state

11   property, unless the inmate signs a Trust Account Withdrawal Order," which Plaintiff has failed

12   to sign. (ECF No. 156-2, p. 3). Plaintiff does not dispute Defendants' representation that the debts

13   are issue "are debts for which Plaintiff has refused to sign a Trust Account Withdrawal Order"

14   and relate, at least in part, to damaged state property, including a mattress. (ECF No. 156-2, p. 4).

15   Rather than explain why he refused to sign a trust account withdrawal order for debts that he

16   purportedly wanted paid, Plaintiff asserts that "the fact that [he] signed the settlement agreement

17   gave express waiver of any unsigned trust withdraw." (ECF No. 160, p. 6).

18        However, Plaintiff's dispute is outside the terms of the settlement agreement and does not

19   warrant Plaintiff withdrawing from the settlement agreement or obtaining a court order enforcing

20   the settlement agreement. Plaintiff points to no provision of the settlement agreement that

21   concerns these debts or expressly authorizes CDCR to fulfill these debts using the settlement

22   proceeds without a Trust Account Withdrawal Order. The Court does not find that Defendant

23   breached the settlement agreement for requiring a Trust Account Withdrawal Order under these

24   circumstances.[3]

25   \\\

---

[3] In Plaintiff's reply, Plaintiff also argues that CDCR is prohibited from collecting the filing fee in Case No. 3:13-cv-00505-SI or encumbering amounts on his trust fund statement for debts owed related to damaging state property because these purported "liens" have been extinguished by voluntary restoration. The Court need not address these arguments raised for the first time in reply. (ECF No. 160, p. 3). *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Moreover, it appears that Plaintiff's objection is outside the scope of the settlement agreement and this Court's jurisdiction over this case.

1    **VI.    CONCLUSION AND RECOMMENDATIONS**

2          Accordingly, IT IS RECOMMENDED that Plaintiff's second motion to withdraw from

3    his settlement agreement (ECF No. 139) be denied.

4          These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court. Such a document should be captioned "Objections to Magistrate Judge's

8    Findings and Recommendations." Any objections shall be limited to no more than fifteen (15)

9    pages, including exhibits. Any reply to the objections shall be served and filed within fourteen

10   (14) days after service of the objections. The parties are advised that failure to file objections

11   within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772

12   F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

13   IT IS SO ORDERED.

14
     Dated:   **February 12, 2025**              /s/ *Erin P. Groy*

15                                               UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28