UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL JAMES HICKS,

Plaintiff,

v.

H. ROBLES, et al.,

Defendants.

No. 1:18-cv-01481-KES-EPG (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S SECOND MOTION TO WITHDRAW FROM HIS SETTLEMENT AGREEMENT

Docs. 139, 146, 155, 161

Plaintiff Michael James Hicks is a state prisoner proceeding pro se and in forma pauperis in this closed civil rights case that was brought under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 27, 2024, plaintiff filed a second motion to withdraw from the settlement agreement.[1] Doc. 139. He filed an amended request for the same relief with additional arguments on October 18, 2024, and an additional memorandum on December 9, 2024. Docs. 146, 155. Plaintiff generally argues that defendants failed to comply with the terms of the settlement agreement by not paying two of plaintiff's debts from his settlement proceeds—

[1] This motion constitutes the first activity in this case since November 6, 2020. *See* Doc. 138.

specifically a filing fee for a Northern District of California case and an obligation relating to damages to state property. *See* Doc. 161 at 4-5 (summarizing parties' arguments). Defendants filed an opposition, Doc. 156, to which plaintiff replied, Doc. 160.

On February 12, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's second motion to withdraw from the settlement agreement be denied. Doc. 161. The magistrate judge found that plaintiff did not demonstrate any fraud or intent to deceive plaintiff regarding any misrepresentation of any material fact on the part of defendants, and thus, "[p]laintiff's motion has not provided any basis for rescinding the settlement agreement." *Id.* at 5. The findings and recommendations further note that "[t]o the extent[] that [p]laintiff's motion actually seeks to enforce the settlement agreement, his motion likewise fails." *Id.* Specifically, the magistrate judge found that defendants complied with their obligations under the settlement agreement. *Id.* at 5-7. Plaintiff filed timely objections to the findings and recommendations, Doc. 163, and defendants responded to those objections, Doc. 164.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. After carefully reviewing the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Plaintiff's objections largely reiterate arguments made in his motion and do not meaningfully address the reasoning in the findings and recommendations. He continues to argue that he was "double tapped" (*i.e.* charged twice) for the filing fee check, that defendants should have monitored the check they sent to pay the filing fee and immediately reissued the check when it was not cashed by the Court, and that defendants should not have allowed him to spend the money in his trust account when he had other obligations outstanding, but the findings and recommendations already correctly addressed these arguments in considering whether plaintiff was entitled to a Court order enforcing the settlement agreement. *Id.* at 6-7.

To the extent plaintiff's objections and motions argue that defendants breached the settlement agreement by failing to pay the filing fee and the other encumbrance and seeks damages for such alleged breach, *see* Doc. 163, such an argument also fails. As noted in the

findings and recommendations, "[t]o prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, 169 Cal. Rptr. 3d 475, 478 (Cal. Ct. App. 2014) (citation omitted). The magistrate judge correctly noted that under California law, a settlement agreement is a contract. Doc. 161 at 4. "A breach of contract is '[t]he wrongful, i.e., the unjustified or unexcused, failure to perform' the terms of a contract." *Chen v. PayPal, Inc.*, 275 Cal. Rptr. 3d 767, 775 (Cal. App. Ct. 2021).

Assuming the contract obligated defendants to pay the two financial obligations plaintiff has identified, defendants did not breach any such obligation.[2] As for the filing fee, defendants sent a check to the Northern District of California to fulfill plaintiff's outstanding obligation. For reasons outside of defendants' control, the Court did not cash the check, and the check was returned and the funds were credited back to plaintiff's trust account. This does not constitute breach. *Cf. Parsons v. Bristol Dev.*, 44 Cal. Rptr. 767, 772-723 (Cal. 1965) (no breach where plaintiff did not show that defendant failed to make proper and reasonable efforts to fulfill its obligation and where the risk that defendant may not be able to fulfill its obligation was anticipated). Moreover, after the monies were returned to plaintiff's account, plaintiff had access to that money and to his account balance and was free to do what he wanted with those funds, including paying the filing fee. Plaintiff cannot recover from defendants for plaintiff's own spending of those funds.

As for the obligation relating to property damage, as noted in the findings and recommendations, defendants have shown that they attempted to pay this obligation on

---

[2] Though "every instance of noncompliance with a contract's terms constitutes a breach," *see Boston LLC v. Juarez*, 199 Cal. Rptr. 3d 452, 457 (Cal. App. Ct. 2016), the plain language of the provision plaintiff asserts defendants violated demonstrates that the provision was not meant to impose a burden on defendants for plaintiff's benefit. Rather, it informs plaintiff of defendants' obligations under a separate California law to first pay plaintiff's liens with the settlement monies, putting him on notice that he may not receive the entire amount of the settlement agreement. In any event, even assuming that noncompliance with this provision could constitute a breach of the settlement agreement, defendants did not breach any such obligation.

plaintiff's behalf, but plaintiff refused to sign a Trust Account Withdrawal Order form. Plaintiff cannot recover from defendants where plaintiff prevented defendants from fulfilling that payment. *Puritas Laundry Co. v. Green*, 115 P. 660, 662 (Cal. 1911) ("If performance was prevented by the acts of plaintiff, such fact would constitute a sufficient defense to recovery."). Defendants indicate that, by law, CDCR can and must pay liens pursuant to Court orders or in compliance with state law (such as the court-ordered filing fee under the PLRA), but they may not deduct money from an inmate's trust account to pay non-court ordered obligations without the inmate signing a Trust Account Withdrawal Order (such as plaintiff's obligation relating to damage to state property). *See* Doc. 156 at 5, 7. "When performance of a contract is prevented 'by the operation of law,' performance is excused." *See In re Pepperdine Univ. Tuition and Fees COVID-19 Refund Litig.*, 659 F. Supp. 3d 1086, 1095 (C. D. Cal. Mar. 7, 2023) (citing *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 772 (9th Cir. 1986)).

Accordingly,

1. The findings and recommendations issued on February 12, 2025, Doc. 161, are ADOPTED IN FULL; and
2. Plaintiff's second motion to withdraw from his settlement agreement, Doc. 139, *see also* Doc. 146, 155, is DENIED.

IT IS SO ORDERED.

Dated: March 25, 2025

UNITED STATES DISTRICT JUDGE